20-2333-cv
*SEC v. Sayid*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of September, two thousand twenty-one.

PRESENT:   JON O. NEWMAN,
                      JOSÉ A. CABRANES,
                      RICHARD C. WESLEY,
                                  *Circuit Judges.*

---

SECURITIES & EXCHANGE COMMISSION,

                      *Plaintiff-Appellee,*                                              20-2333-cv

                      v.

MUSTAFA DAVID SAYID,

                      *Defendant-Appellant,*

KEVIN JASPER, NORMAN T. REYNOLDS,

                      *Defendants.*

---

**FOR PLAINTIFF-APPELLEE:**          Kerry J. Dingle, Senior Counsel (Hope
                                                        Hall Augustini, Senior Litigation Counsel,
                                                        Daniel Staroselsky, Senior Litigation
                                                        Counsel, *on the brief*), for John W. Avery,
                                                        Deputy Solicitor, Securities and Exchange
                                                        Commission, Washington, DC

**FOR DEFENDANT-APPELLANT:**                    Mustafa David Sayid, pro se, Haworth, NJ

Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Mustafa David Sayid ("Sayid"), an attorney proceeding *pro se*, appeals from the District Court's order entering summary judgment. The District Court found that Sayid violated Section 10(b) of the Securities Exchange Act of 1934 and Section 17(a) of the Securities Act of 1933 by recklessly misrepresenting the execution date of a three-party Debt Settlement Agreement ("DSA"), which converted a debt owed by Nouveau Holdings, Ltd. ("Nouveau") to Sayid into Nouveau stock issued to three Belizean entities. The District Court further found that Sayid violated Section 5 of the Securities Act by arranging for the transfer of this stock to the Belizean entities and soliciting an erroneous Rule 144 legal opinion letter from Norman T. Reynolds ("Reynolds"), which allowed these entities to sell the stock without a registration statement and without qualifying for an exemption. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to grant summary judgment *de novo*." *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 475 (2d Cir. 2021) (citation omitted). We will affirm the district court's decision only after "resolving all ambiguities and drawing all reasonable inferences against the moving party" and determining "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." *Pippins v. KPMG, LLP*, 759 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks and citation omitted). A genuine dispute requires "evidence [that] would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016).

Sayid challenges the District Court's conclusion that his statements regarding the execution date of the DSA were false.[1] No reasonable juror could agree with him. Sayid does not dispute that the DSA was not signed on behalf of Nouveau until August 2013, significantly later than the July 2012 date for which Sayid told Reynolds that he had an "executed cop[y]" and "the signature page[]." Supp'l App'x 179, 187-88. Further, Sayid admits that the DSA was not finalized until September 2012, that the number of participating Belizean entities changed in June 2013, and that

---

[1] Were a jury to agree with Sayid, it would negate the misrepresentation requirement under §§ 10(b) and 17(a), *see SEC v. Frohling*, 851 F.3d 132, 136 (2d Cir. 2016), and entitle Sayid to a Rule 144 exception under § 5, s*ee* 17 C.F.R. § 230.144(d)(1)(ii).

these entities gave the final go ahead only in August 2013.  No reasonable juror could credit Sayid's assertion that the DSA was in fact executed in July 2012.

The same is true regarding scienter under §§ 10(b) and 17(a), notwithstanding that scienter is "usually inappropriate for disposition on summary judgment." *Wechsler v. Steinberg*, 733 F.2d 1054, 1058 (2d Cir. 1984); *see also Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 538 (2d Cir. 1999) ("The Second Circuit has been lenient in allowing scienter issues to withstand summary judgment based on fairly tenuous inferences.").  In light of the admissions just mentioned, no reasonable juror could find that Sayid—an experienced securities lawyer—failed to show a "reckless disregard for the truth" when he told Reynolds in soliciting the Rule 144 opinion letter that the DSA was executed in July 2012.  *See Frohling*, 851 F.3d at 136-37 (affirming summary judgment on the SEC's fraud claims because "no rational factfinder could fail to find that" the defendant acted with scienter).

We disagree with Sayid's argument that there is a genuine dispute regarding whether his misstatement was material under §§ 10(b) and 17(a).  The period for which a shareholder has held stock determines the applicability of the Rule 144 safe harbor.  *See* 17 C.F.R. § 230.144(d).  And it is undisputed that Reynolds in August 2013 refused to issue the requested letter because, based on a September 2012 transaction date, the Belizean entities "ha[d] not held the securities for one year."  Supp'l App'x 177.  Thus, Sayid's misstatement about the execution date "significantly altered the total mix of information" available to Reynolds.  *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976).

It is also undisputed that Sayid is liable under § 5 because he "engaged in steps necessary to the distribution of [the] securit[ies]."  *SEC v. Chinese Consol. Benev. Ass'n*, 120 F.2d 738, 741 (2d Cir. 1941).  Specifically, he negotiated and drafted the DSA, which caused Nouveau stock to be transferred to the Belizean entities, and solicited the Rule 144 opinion letter, which caused the transfer agent to issue unrestricted shares.

## CONCLUSION

We have reviewed all of the arguments raised by Sayid on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3